United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. EVANS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br><br>    Defendant.<br>_____/ | No. C-00-0198 EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; AND DIRECTING ENTRY OF FINAL JUDGMENT**<br><br>**(Docket No. 8)** |

Defendant the Commissioner of Social Security has moved to dismiss the above-referenced case based on the agency's issuance of a final decision at the administrative level (which was not appealed) and on the death of Plaintiff William L. Evans. A copy of the motion was served on Mr. Evans's surviving spouse, Margaret Evans. No opposition has been filed to the Commissioner's motion.

Having considered the papers submitted, as well as the oral argument of counsel the Court hereby **GRANTS** the Commissioner's motion. Through the motion to dismiss, the Commissioner is essentially seeking entry of a final judgment in this case. As the Commissioner points out, in a sentence six remand case, as here, there is no final judgment until postremand proceedings have been completed and the Commissioner returns to the district court for entry of a final judgment. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102-03 (1991). In the instant case, the postremand proceedings have been completed, resulting in a decision that was fully favorable to Mr. Evans. *See* Zuroff Decl.

¶ 4; Ex. C (ALJ decision).  No appeal appears to have been taken from that decision.  Thus, the case is ready for entry of final judgment by this Court.

The only issues remaining are (1) fees and costs and (2) survivor benefits.  On the first issue, the Commissioner has proposed that the Court order each party to bear his or her own fees and costs.  The Court declines to enter an order to this effect because, although no opposition to the motion was filed, it cannot say that Mr. Evans's estate or his wife will not seek attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").  In fact, one of the reasons to enter a final judgment is to start the running of the thirty-day EAJA filing period.  *See Melkonyan*, 501 U.S. at 94 (holding that, under the EAJA, the fee application must be filed within thirty days of the final judgment).

As to the second issue, the Court simply notes that its dismissal of this action has no effect on survivor benefits.  *See* Zuroff Decl. ¶ 6 (noting that Ms. Evans is receiving survivor benefits as is one of his three children).

For the foregoing reasons, the Commissioner's motion to dismiss is granted, and the Clerk of the Court is directed the enter judgment in accordance with this order and close the file in this case.

This order disposes of Docket No. 8.

IT IS SO ORDERED.

Dated: October 18, 2011

_____
EDWARD M. CHEN
United States District Judge